**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISRAEL JESUS RIVERA,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY,<br><br>    Defendant. | Civil Action No. 22-7532 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I. BACKGROUND**

In his complaint, Plaintiff asserts that, in the fall of 2022, he was being "tormented" by other inmates in the Atlantic County Justice Facility, where he was awaiting trial. (ECF No. 1 At 5-6.) Specifically, he asserts that he was being verbally abused and threatened by Muslim inmates

as he is a Christian. (*Id.* at 5-7.) Plaintiff states that he sought counseling and told an unspecified staff member that he was being bullied, but he was not transferred to a new unit. (*Id.*) On December 7th or 8th, things came to a head, and a group of five inmates lured him into a room, stripped, and repeatedly beat him, resulting in significant injuries. (*Id.*) Plaintiff now seeks to bring failure to protect claims against the jail in which this attack occurred. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his complaint, Plaintiff seeks to bring a civil rights claim based on the denial of his right to religious expression in the form of religious services against the Atlantic County Justice Facility. A county jail such as the Facility, however, is not a person subject to suit under 42 U.S.C. § 1983. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). As the sole named Defendant in this matter is not a person subject to suit under the statute, Plaintiff's complaint must be dismissed without prejudice at this time. *Id.*

Even had Plaintiff named a proper Defendant, his complaint would still fail to state a plausible claim for relief based on staff members alleged failure to protect him. To state such a claim, a civil rights plaintiff must plead that he was incarcerated under conditions posing a substantial risk of serious harm, and that Defendants were deliberately indifferent to that risk – i.e. they were actually aware of the risk and at least recklessly failed to address it. *See Bistrian v. Levi*,

696 F.3d 352, 367 (3d Cir. 2012); *see also Torres v. Monmouth Cnty. Corr. Inst.*, No. , 2021 WL 3773687, at *3-4 (D.N.J. Aug. 25, 2021). Although Plaintiff alleges that he told some unspecified counseling staff member in the medical unit that he was being bullied (*see* ECF No. 1 at 5), he does not plead any facts as to what specifically he told this staff member, what this staff member's position was, or how this staff member was related to the jail's alleged failure to transfer Plaintiff. As such, Plaintiff has not pled that this staff member was truly aware that he was under a substantial risk of harm as it does not follow from name calling and verbal abuse that Plaintiff would be brutally beaten. As such, Plaintiff fails to plead facts which would make out a failure to protect claim even were he to name a more specific and proper Defendant than the jail itself, and his complaint must be dismissed without prejudice for that reason as well.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

4